UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Same Day Processing, Inc.;<br>44 North Lists LLC;<br>Right Donor Builders PDM LLC; and<br>The Free USA, LLC<br><br>      Plaintiffs/Counterclaim Defendants<br><br>vs.<br><br>Gabriel Franck<br><br>      Defendant/Counterclaim Plaintiff<br><br>vs.<br><br>Thomas Datwyler<br><br>      Third Party Defendant. | Civil No. 23-731<br><br>JOINT RULE 26(f) PRELIMINARY PRETRIAL CONFERENCE REPORT |

**JOINT RULE 26(f) PRELIMINARY PRETRIAL CONFERENCE REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Standing Order Governing Preliminary Pretrial Conferences, attorneys Lauren Linderman and Katlyn Moseley for Plaintiffs and Counterclaim Defendants Same Day Processing, Inc., 44 North Lists LLC, Right Donor Builders PDM LLC, and The Free USA, LLC (collectively, "Plaintiffs/Counterclaim Defendants") and Third-Party Defendant Thomas Datwyler ("Datwyler"), and attorney Kristopher Krentz for Defendant and Counterclaim Plaintiff Gabriel Franck ("Defendant"), conferred telephonically on December 29, 2023. The Parties provide the following report and proposed discovery plan in advance of the Parties' scheduling conference set for January 5, 2024 at 1:00 pm.

1

1. <u>Nature of the Case</u>.

**Plaintiffs/Counterclaim Defendants.** Plaintiffs bring statutory and common law claims against Defendant for violation of the Defend Trade Secret Act, 18 U.S.C. § 1836 *et seq.*, the Wisconsin Uniform Trade Secrets Act, Wis. Stat. § 134.90, violation of Defendant's duty of loyalty, and conversion all arising out of Defendant's improper retention, access, and transfer of Plaintiffs' trade secrets and confidential information—namely Plaintiffs' highly confidential and proprietary donor data—following his termination from Plaintiff Same Day Processing, Inc.

Plaintiffs/Counterclaim Defendants and Datwyler generally deny all of Defendant/Counterclaim Plaintiff's Counterclaims and Third-Party Claims for conversion, unjust enrichment, and promissory estoppel, and further submit that Defendant/Counterclaim Plaintiff fails to state any claim upon which relief can be granted for the reasons stated in Plaintiffs/Counterclaim Defendants and Third-Party Defendant's Motion to Dismiss Counterclaim and Third-Party Claims, filed December 22, 2023.

**Defendant/Counterclaim Plaintiff/Third-Party Plaintiff.** Defendant generally denies all of Plaintiffs' claims.

Counterclaim Plaintiff/Third-Party Plaintiff brings claims against Counterclaim Defendants and Third-Party Defendant for conversion, unjust enrichment and promissory estoppel. Those claims arise from Counterclaim Defendants and Third-Party Defendants' refusal and/or failure to follow through on promises to pay Counterclaim Plaintiff/Third-Party Plaintiff profits owed him as an owner in Counterclaim Defendants The Free USA, LLC, 44 North Lists, LLC and Right Donor Builders PDM, LLC as well as various other, non-party, business ventures owned by Counterclaim Plaintiff/Third-Party Plaintiff and Third-Party Defendant all of which were under administrative and financial control of Third-Party Defendant.

2. <u>Related Cases</u>. There are no related cases.

3. <u>Material Factual and Legal Issues to Be Resolved</u>.

    A. Whether Defendant improperly retained, accessed, and transferred Plaintiffs' trade secret donor data following his termination from Plaintiff Same Day Processing, Inc.

    B. Whether Defendant breached his duty of loyalty to Same Day Processing by improperly retaining, accessing, and transferring Plaintiffs' trade secret donor data.

    C. Whether Plaintiffs are entitled to financial recovery, including compensatory damages;

    D. Whether the Court should order permanent injunctive relief requested by Plaintiffs.

    E. Whether Third-Party Defendant made promises to Third-Party Plaintiff to grant Counterclaim Plaintiff ownership interest and rights in the The Free USA, LLC, 44 North Lists, LLC and Right Donor Builders PDM, LLC as well as various other, non-party, business ventures undertaken by Third-Party Plaintiff and Third-Party Defendant.

    F. Whether Counterclaim Plaintiff/Third-Party Plaintiff is entitled to profits from any and/or all of the Counterclaim Defendants and/or Third-Party Defendant.

    G. Whether Counterclaim Defendants and/or Third-Party Defendant retained profits owed to Counterclaim Plaintiff.

    H. Whether Defendant is entitled to punitive damages.

4. <u>A description of any amendments to the pleadings that any party intends to make</u>. In an effort to rectify the claimed pleading deficiencies raised in Plaintiffs/Counterclaim Defendants and Third-Party Defendant's Motion to Dismiss Counterclaims and Third-Party Claims, filed December 22, 2024, Counterclaim Plaintiff/Third-Party Plaintiff Franck intends to file an amended complaint as a matter of course under FRCP 15(a)(1)(B). Counterclaim Plaintiff/Third-Party Plaintiff Franck is also currently contemplating adding claims which would be included in that same amendment.

5. <u>Identity of any new parties to be added, including an explanation as to why these parties must (or should) be added</u>. The Parties do not presently contemplate the addition of new parties to the litigation, but if necessary will comply with the proposed Discovery Plan (below).

6. <u>Estimated trial length</u>. If this case is not resolved on summary judgment, the Parties currently estimate that trial may take **3-5 days**.

7. <u>Other matters affecting the just, speedy and inexpensive disposition of this case, or which the court should take into account in setting the schedule</u>. Defendant's legal counsel, Kristopher Krentz, is in the midst of handling multiple, significant, medical issues experienced by family members with whose care he is charged. Defendant is in the process of retaining the firm of Eckberg Lammers as additional co-counsel.

8. <u>Settlement</u>. The Parties discussed resolution but were unable to resolve their dispute.

9. <u>Electronic Service</u>. The Parties confirm documents filed through the Court's ECF system are served by ECF notification. The Parties further consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and such service shall be

complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

10. <u>Protective order</u>: The parties expect that the issues in this case will require discovery of the parties' proprietary, technical, and/or commercially sensitive business information. The parties agree to negotiate in good faith and promptly seek from the Court the entry of a protective order pursuant to Fed. R. Civ. P. 26(c) to govern the discovery of such information.

11. <u>Proposed Discovery Plan and Schedule</u>. The Parties propose the following discovery plan and schedule:

- A. <u>Initial Disclosures</u>. The Parties shall exchange disclosures pursuant to Rule 26(a)(1) by **February 12, 2024**.

- B. <u>Amendments and Joining New Parties</u>. The Parties shall join additional parties and amend the pleadings no later than **February 29, 2024**.

- C. <u>Fact Discovery Cut-Off</u>. Fact discovery shall be completed by **December 2, 2024**.

- D. <u>Expert Discovery</u>. Each party shall serve expert reports as required by Rule 26(a)(2), on issues where that party bears the burden of proof, by **August 12, 2024**; on issues where a party does not bear the burden of proof, rebuttal expert reports are due by **September 3, 2024**. All expert discovery shall commence so as to be completed by **September 23, 2024**.

- E. <u>Discovery Subjects</u>. Discovery may be needed on all allegations and defenses raised in the pleadings, including damages.

F. <u>Discovery Limitations</u>. The parties propose that the Court limit the use and number of discovery procedures as follows:

1. No more than a total of **25** interrogatories served by each party on each party, counted in accordance with Rule 33(a).
2. No more than **10** fact depositions shall be taken by each side, including Rule 30(b)(6) and non-party depositions.

G. <u>Electronic Discovery</u>. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order:

The producing party may elect whether to produce electronically stored information ("ESI") in TIFF format or in its native format (so long as the application for reading and using data in that format is reasonably available to the public). The parties agree to meet and confer as to what metadata to include with produced documents but agree to provide, at a minimum, the following: BEGINDOC, ENDDOC, BEGATTACH, ENDATTACH, PROD VOLUME, FILE EXTENSION, FILE NAME, DATE CREATED, DATE LAST MODIFIED, AUTHOR, TO, FROM, CC, BCC, EMAIL SUBJECT, CONFIDENTIALITY, CUSTODIAN, DATE SENT, TIME SENT, FILE SIZE, MD5 HASH, TIME ZONE PROCESSED.

Notwithstanding the foregoing, a receiving party may request that specific documents be produced or re-produced in a particular format, or that specific metadata be produced or re-produced, if reasonably necessary to allow the

information to be viewed and used. The parties agree that any disputes about the scope, review, or form of production of electronic discovery will be brought to the Court promptly if the parties cannot resolve them through good faith efforts to meet and confer.

H. <u>Dispositive Motion Cut-Off</u>. The parties request a dispositive-motion deadline of **September 30, 2024**.

I. <u>Final Pretrial Conference</u>. The Parties request a final pretrial conference after **January 20, 2024**.

J. <u>Final Witness and Exhibit Lists</u>. Final lists of witnesses and exhibits shall be filed in accordance with the Federal Rules of Civil Procedure and the Court's usual practices.

K. <u>Trial</u>. The case should be ready for trial after **February 3, 2025**.


BY: */s/ Andrew C. Gresik*

Roberta F. Howell
Andrew C. Gresik
Foley & Lardner LLP
150 East Gilman Street
Madison, WI 53703
Telephone: (608) 258-4273
Facsimile: (608) 258-4258
rhowell@foley.com
agresik@foley.com

Lauren W. Linderman (*pro hac* to be filed)
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

***Attorneys for Plaintiffs/Counterclaim Defendants and Third-Party Defendant***

By: */s/ Kristopher Krentz*
    Kristopher Krentz
    Krentz Law Firm
    PO Box 865
    Osceola, Wisconsin 54020
    Kris@Krentzlaw.com

***Attorney for Defendant/Counterclaim Plaintiff***