UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Same Day Processing, Inc.; <br> 44 North Lists LLC; <br> Right Donor Builders PDM LLC; and <br> The Free USA, LLC <br><br>         Plaintiffs/Counterclaim Defendants <br><br> vs. <br><br> Gabriel Franck <br><br>         Defendant/Counterclaim Plaintiff <br><br> vs. <br><br> Thomas Datwyler <br><br>         Third Party Defendant. | Civil No. 23-731 <br><br> MEMORANDUM OF LAW <br> IN SUPPORT OF PLAINTIFFS/ <br> COUNTERCLAIM DEFENDANTS <br> AND THIRD-PARTY DEFENDANT'S <br> MOTION TO DISQUALIFY |

Plaintiffs/Counterclaim Defendants Same Day Processing, Inc. ("SDP"), 44 North Lists LLC, Right Donor Builders PDM LLC, and The Free USA, LLC (collectively, "Plaintiffs"), together with Third-Party Defendant Thomas Datwyler ("Datwyler"), respectfully move to disqualify Eckberg Lammers, P.C. ("Eckberg Lammers") and Kevin Sandstrom, as counsel for Defendant/Counterclaim Plaintiff Gabriel Franck ("Franck").

**PRELIMINARY STATEMENT**

In this action, Plaintiffs assert claims against Franck, a former employee of SDP, for misappropriation of trade secrets and related misconduct. In turn, Franck asserts counterclaims against all Plaintiffs and Datwyler for conversion and unjust enrichment based on his allegation

that he was not an employee of SDP and instead has an ownership interest in various Plaintiff entities.

Franck is currently represented by both Kristopher Krentz and Kevin Sandstrom ("Sandstrom"). Sandstrom is a shareholder in the law firm Eckberg Lammers, a Minnesota law firm of nineteen attorneys. But from 2015 to 2022, Eckberg Lammers provided legal advice to **_Plaintiff SDP_** regarding a variety of employment and corporate matters. Pursuant to Wisconsin Supreme Court Rules ("SCR") 20:1.9 and 20:1.10, Eckberg Lammers has continuing duties with respect to confidentiality and conflicts in connection with its former client SDP and is precluded from representing another client in a substantially related matter if the interest of its new client is materially adverse to the interest of its former client. SCR 20:1.9(a). This is the precise scenario here.

Eckberg Lammers provided both employment and corporate counsel to Plaintiff SDP, advising on, among other things, confidentiality and non-disclosure obligations of employees and independent contractors, the formation and structure of SDP, and the rights and duties of SDP's shareholders. Due to the nature of this prior representation, Eckberg Lammers is privy to confidential and privileged information relevant to two key issues that will necessarily arise in this case: (1) whether SDP took sufficient steps to protect its confidential and proprietary information; and (2) whether Franck was an employee of SDP or a shareholder of SDP. Yet Mr. Sandstrom attempts to represent Franck in this action, both in defending against Plaintiffs' trade secrets claim and in prosecuting Franck's counterclaims against all Plaintiffs premised on Franck's allegation that he has an ownership interest in each plaintiff entity. Wisconsin Supreme Court Rules 20:1.9

and 20:1.10 preclude such conflicted representation, and Sandstrom and his law firm should be disqualified from representing Franck.

## BACKGROUND

### I. Eckberg Lammers Provides Corporate Counsel to SDP

From 2015 through 2022, Nicholas Vivian ("Vivian"), a shareholder of Eckberg Lammers and the lead attorney for the firm's business group, provided SDP with legal counsel concerning various corporate matters, including preparing the company's Articles of Incorporation and Shareholder Control Agreement. As reflected in SDP's Articles of Incorporation, Datwyler was one of three members of SDP's board of directors at the time of its formation. Decl. of Lauren Linderman in Support of Motion to Disqualify ("Linderman Decl.") Ex. A at Article IV. In connection with this representation, Vivian provided legal advice pertaining to the rights and responsibilities of shareholders and later assisted SDP and Datwyler in redeeming the shares of two of the three original shareholders. *See* Linderman Decl. at Ex. B-C.[1] Eckberg Lammers also retained records of voting shares issued on behalf of SDP. *Id*. Ex. H.

### II. Eckberg Lammers Provides Employment Counsel to SDP

Beginning in 2018, Eckberg Lammers advised SDP regarding employment matters directly relevant to this action, including the duties of employees to maintain SDP's confidential information. Lida Bannick, the firm's lead labor and employment attorney, was originally retained by Datwyler to provide legal advice concerning the separation of a specific employee from SDP. Linderman Decl. at Ex. D, p. 3. That representation then expanded, and Eckberg Lammers advised SDP on general employment matters, including revising SDP's non-disclosure agreement and

---

[1] To facilitate the Court's assessment of the conflict of interest, contemporaneously with this Motion, Plaintiff SDP is moving to submit certain privileged documents reflecting Eckberg Lammers' prior representation of SDP for in camera review.

offer letter and providing legal counsel on the confidentiality obligations of employees and independent contractors. *Id*. Ex. G.  Indeed, Eckberg Lammers drafted the very employee handbook cited in SDP's complaint against Franck, which includes a confidentiality provision. *See id*. Exs. E-F.

SDP has not provided consent to Eckberg Lammers' representation of Franck. Declaration of Thomas Datwyler in Support of Motion to Disqualify ("Datwyler Decl,") ¶ 2.

### III.   The Instant Action and the Parties' Meet and Confer Efforts

Plaintiffs filed this action on October 20, 2023 alleging, among other things, that former SDP employee, Franck, misappropriated confidential and trade secret information from SDP. (ECF No. 1.)  On November 21, 2023, Franck filed his Answer, Counterclaim, and Third-Party Complaint against Datwyler (ECF No. 14), in which Frank denied Plaintiffs' claims; asserted various affirmative defenses, including that Plaintiffs failed to take reasonable efforts to protect their alleged trade secrets; and asserted claims for conversion and unjust enrichment against all Plaintiffs, including SDP, based on a purported ownership interest in the various plaintiff entities. (Answer at "Affirmative Defenses" ¶¶ 10-11, Counterclaim at ¶¶ 64-73.)

On December 29, 2023, Franck's attorney Kristopher Krentz (who continues to represent Franck) added Sandstrom to an email exchange with counsel for Plaintiffs concerning the Rule 26(f) conference.  Linderman Decl. Ex. I at 9.  Counsel for Plaintiffs promptly raised concerns that Sandstrom may be conflicted out from this case as a result of Eckberg Lammers' prior representation of SDP in corporate matters. *Id*.  Sandstrom acknowledged that Eckberg Lammers' performed corporate work for SDP in the past but represented that there was no conflict. *Id*. at 8.

On January 4, 2024, Sandstrom filed an appearance as counsel for Franck.  (ECF No. 22.) Thereafter, from January 4 through January 31, 2024, Plaintiffs repeatedly emailed Sandstrom and

4

Eckberg Lammers to request a copy of SDP's client file so that counsel for Plaintiffs could fully investigate and evaluate the potential conflict. Linderman Decl. Exs. I, J. Plaintiffs likewise requested that defendant drop his counterclaims against SDP to resolve the apparent conflict. *Id*. Ex. I p. 4. In the interim, Franck filed an Amended Answer, Counterclaim, and Third-Party Complaint against Datwyler continuing to assert claims against all Plaintiffs, including SDP, for conversion and unjust enrichment. ("Amended Answer," ECF No. 24.).

On January 31, 2024, Eckberg Lammers provided SDP's client file to Plaintiffs' counsel. *Id*. Ex. J at 3-4. Upon receiving the file, Plaintiffs' counsel learned for the first time that Eckberg Lammers provided employment counsel to SDP concerning matters directly related to this litigation, in addition to the corporate work previously disclosed. Because both matters are substantially related to this action, Plaintiffs again requested Sandstrom voluntarily withdraw. *Id*. at 3. On February 8, Sandstrom requested that Plaintiffs' counsel provide an explanation of the conflict, and Plaintiffs' counsel responded on February 9. *Id.* at 1-2. To date, Sandstrom has not withdrawn as counsel for Franck or otherwise responded to counsel's email of February 9 inviting further conferral, necessitating the instant motion.

**LEGAL STANDARD**

A lawyer's duty of confidentiality "is fundamental to the profession and the relationship between lawyer and client" and "courts have a duty to safeguard the privacy of the attorney-client relationship." *Gnaciski v. United Health Care Ins. Co.*, 623 F. Supp. 3d 959, 965 (E.D. Wis. 2022) (quoting *Watkins v. Trans Union, LLC*, 869 F.3d 514, 519 (7th Cir. 2017)). "Lawyers representing clients in federal courts must follow federal rules," "but most 'federal courts use the ethical rules of the states in which they sit.'" *Id*. "Since the ethical codes adopted by both the Wisconsin Supreme Court and the Court of Appeals for the Seventh Circuit are based on the ABA Model

5

Rules of Professional Conduct, the standards applicable to disqualification motions in both forums are essentially identical." *Id.* Both Wisconsin state courts and the Seventh Circuit utilize the "substantial relationship test" when considering questions of disqualification. *Lyman v. St. Jude Medical S.C., Inc.*, 423 F. Supp. 2d 902, 908 (E.D. Wis. 2006).

> Rule 1.9 of the Wisconsin Rules of Professional Conduct provides, in relevant part,
>
> [a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or **a substantially related matter** in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in a writing signed by the client.

(emphasis added). Matters are "substantially related" if there "is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent subject matter." *Gnaciski*, 623 F. Supp. 3d at 966 (citing Comment 3 to SCR 20:1.9 and noting that, in interpreting Rules of Professional Conduct, federal courts may rely on the specific guidance offered in the commentary). "[K]nowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude" representation. *Id.* Notably, if an attorney is conflicted from representing a client pursuant to SCR 20:1.9 and the "substantial relationship" test, that conflict is imputed to the attorney's law firm. SCR 20:1.10.

Importantly, a "former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter." *Gnaciski*, 623 F. Supp. 3d at 966. Instead, "[a] conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services." *Id.*

Applying the Wisconsin Supreme Court Rules to Eckberg Lammers' prior representation of SDP, the substantially related test is plainly satisfied, and Sandstrom and Eckberg Lammers are precluded from representing Franck.

## ARGUMENT

### I. Eckberg Lammers Attorneys Advised SDP in Employment Matters Substantially Related to Plaintiffs' Trade Secrets Claims

Sandstrom cannot represent Franck because Eckberg Lammers attorney Bannick's representation of SDP in employment matters is "substantially related" to Plaintiffs' claims that Franck, while employed by SDP, misappropriated trade secrets and proprietary information belonging to Plaintiffs.

#### A. The Prior Representation

In 2018, Bannick counseled SDP on various employment matters, advising on employee confidentiality and non-disclosure agreements and obligations and editing SDP's then-current non-disclosure agreement and employee offer letter. Linderman Decl. Ex. G. Bannick also drafted the Employee Handbook and the confidentiality obligations contained therein that SDP specifically referenced and is relying on in part in its complaint against Franck. Linderman Decl. Ex. E-F; Am. Compl. ¶ 40 (quoting SDP Employee Handbook § D).

#### B. Confidential Information

Based on the nature of the services rendered, Bannick would have been provided in the ordinary practice with confidential information concerning the types of information SDP considers confidential and trade secret and SDP's practices for safeguarding such information, including the use of confidentiality and non-disclosure agreements with employees, among other things. Thus, the Court may conclude that there is a substantial risk that Bannick and Eckberg Lammers possess confidential information that it could use against SDP in this instant litigation. *See Gnaciski*, 623

7

F. Supp. 3d at 966 (noting "substantial risk" that confidential information was obtained in prior representation can be shown when a lawyer "would in ordinary practice" obtain such confidential information based on the nature of the services provided); *see also Holmes v. Credit Protection Association L.P.*, No. 1:17-cv-3995, 2018 WL 5777324, at *4 (S.D. Ind. Nov. 2, 2018) (finding substantial risk that some of the information learned in the ordinary practice would be confidential information where attorney billed sixty hours in prior litigation, had access to the case file, and consulted on case strategy, and observing that moving party is not required "to identify what that information is or even prove that [attorney] in fact obtained such information, because the rule requires that the Court determine what information 'would normally have been obtained in the prior representation,' not what information actually was obtained"); *Lyman*, 423 F. Supp. 2d at 911 (granting motion to disqualify defendant's counsel in wrongful termination/breach of contract action brought by former employee where same counsel was previously retained by defendant to represent former employee individually in connection with non-compete agreement "because the type of information Lyman claims to have exchanged with counsel in his prior litigation is the type of information one would expect a client to convey to his attorney when litigating issues related to employment and enforceability of a non-compete clause").

      C.      **The Previously Disclosed Information is Relevant and Material to the Current Litigation**

Eckberg Lammers should be precluded from representing Franck in this action because the confidential information Bannick obtained concerning SDP's employment practices is directly relevant to SDP's claims against Franck. *See Gnaciski*, 623 F. Supp. 3d at 966 ("knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude" representation).

In a trade secrets action, the adequacy of measures the employer took to keep its alleged trade secrets confidential is a key issue. *See Genzyme Corp. v. Bishop*, 463 F. Supp. 2d 946, 949 (W.D. Wis. 2006) (holding that measures taken to safeguard the secrecy of information is factor to be considered in determining if information constitutes a trade secret under Wisconsin law). Eckberg Lammers attorney Bannick advised SDP on its confidentiality and nondisclosure policies and practices and presumably sought to make those protections robust. But now, Eckberg Lammers attorney Sandstrom seeks to represent Franck, who has taken a directly adverse position in his Amended Answer and Counterclaims by alleging that SDP's confidentiality measures were not sufficiently robust. (*See* Am. Answer and Counterclaim at "Affirmative Defenses" ¶¶ 10-11 (alleging Plaintiffs' claims are barred in whole in in part because Plaintiffs failed to take adequate measures to safeguard confidential information); *id*. ¶ 1 (denying all allegations not expressly admitted in answer, including allegation in Paragraph 39 that "Plaintiffs have undertaken reasonable steps to maintain the confidentiality of the 44 North Data")). Thus, Franck's own pleading establishes a relationship between the former and present actions. *Gnaciski*, 623 F. Supp. at 970 (finding conflict where there was "considerable factual overlap" between prior and current matters); *Lyman*, 423 F. Supp. 2d at 913 (relevance established where (1) defendant's own affirmative defenses suggested a relationship between the former and present actions and (2) former representation involved "much of the same factual information relevant to the instant litigation").

Moreover, matters are considered substantially related "if there is a substantial risk that the subsequent representation will involve the use of confidential information of the former client obtained in the course of the representation. . . . Substantial risk exists where it is reasonable to conclude that it would materially advance the client's position in the subsequent matter to use

confidential information obtained in a prior representation." *Foley-Cincantelli v. Bishop's Grove Condominium Ass'n, Inc.*, 333 Wis. 2d 402, 452 (Wis. 2011) (quoting Restatement (Third) of The Law Governing Lawyers). That is precisely the case here: Eckberg Lammers gained confidential information concerning the measures SDP took to protect its confidential and trade secret information when it counseled SDP on this exact issue. Those same practices and procedures are now at issue in the instant litigation such that it may materially advance Franck's position in this litigation to use confidential information obtained in Eckberg Lammers' prior representation of SDP. Put another way, Eckberg Lammers' attempted representation of Franck creates a catch-22: Eckberg Lammers attorney Sandstrom must either use SDP's confidential information to Franck's advantage or is constrained in zealous representation of Franck because of Eckberg Lammers' obligations to former client SDP. Bannick, and by imputation Eckberg Lammers, thus has a conflict of interest that precludes representation of Franck in the current action under the substantially related standard. *See id.* at 453 (noting that substantially related standard, while "easier to recite than to describe accurately or to apply confidently" is intended to protect the confidential information of the former client obtained in the course of representation" and protect "the present client by disqualifying counsel who might be constrained in effective representation because of an obligation to a former client").

## II. Eckberg Lammers Advised SDP in Corporate Matters Substantially Related to Franck's Counterclaims

Eckberg Lammers attorney Vivian's prior representation of SDP in corporate matters is likewise substantially related to the claims asserted in Franck's counterclaims and third-party claims in which he alleges that he possesses an ownership interest in and a right to profit from all

Plaintiffs, including SDP.[2]

### A. The Prior Representation

From 2015 through 2022, Vivian advised SDP on various corporate matters. His representation included drafting SDP's Articles of Incorporation and SDP's Shareholder Control Agreement, which sets forth the rights and responsibilities of shareholders. Specifically, the Shareholder Control Agreement that Vivian prepared sets forth requirements for transfers of stock and the addition of new shareholders to the corporation, as well as the processes and procedures for evaluating the value of shares and payments for stock. Linderman Decl. Ex. B ¶¶ 2, 7-8. Vivian later assisted SDP and Datwyler in redeeming the shares of two of the three original shareholders, making Datwyler the sole shareholder. Linderman Decl. at Exs. B-C. Eckberg Lammers also retained records of voting shares issued on behalf of SDP. *Id*. Ex. H. This representation of SDP continued into 2022 and was simultaneous to Franck's interactions with third-party defendant Datwyler, through which Franck claims that he was granted an ownership interest in the various Plaintiff entities. (Am. Counterclaim ¶¶ 30-52 (alleging interactions spanning from January 2022 to August 2023 in which Franck allegedly obtained ownership interests in various entities).)

### B. Confidential Information

Due to the nature of Vivian's prior representation, which included preparation of the Shareholder Control Agreement and other corporate governance documents, it is reasonable that Vivian and Eckberg Lammers are privy to confidential information concerning SDP's corporate

---

[2] As asserted in Plaintiffs' Memorandum in Support of Plaintiffs/Counterclaim-Defendants and Third-Party Defendant's Motion to Dismiss, the factual allegations in the Amended Counterclaims are not sufficient to state claims for conversion or unjust enrichment against SDP. (ECF No. 27 at 8-9.) Although Defendant did not dispute this argument in his opposition brief (*see* ECF No. 32), Defendant has to date declined to amend his counterclaims to make clear that he does not assert claims against SDP, does not assert an ownership interest in SDP, and does not seek profits from SDP.

11

practices, including the processes and procedures for issuing and/or transferring shares and valuating stock. *See Gnaciski*, 623 F. Supp. 3d at 966 (noting "substantial risk" that confidential information was obtained in prior representation can be shown when a lawyer "would in ordinary practice" obtain such confidential information based on the nature of the services provided). Likewise, in connection with preparing the redemption agreements for two former shareholders, Eckberg Lammers would have presumably received confidential information concerning, by way of example, the current state of the business, the relationship between the shareholders, the shareholders' intent with respect to the addition of new shareholders, and the value of SDP's stock. This is sufficient to establish that confidential information was provided to Eckberg Lammers in connection with Vivian's prior representation of SDP. *Nelson v. Green Builders, Inc.*, 823 F. Supp. 1439, 1449-50 (E.D. Wis. 1993) (granting motion to disqualify law firm in dispute between limited partner and partnership where one member of law firm previously represented limited partner in drafting agreements with the partnership and therefore "must have been aware of the goals and intentions in setting up the Partnership, in addition to [limited partner's] goals and intentions as a limited partner" and therefore was clearly privy to confidential information relevant to dispute concerning whether limited partner fulfilled obligations under partnership agreement).

      C.      **The Previously Disclosed Information is Relevant and Material to the Current Litigation**

Finally, the information Eckberg Lammers obtained in connection with Vivian's prior representation of SDP is plainly relevant to Franck's counterclaim. Franck asserts claims for conversion and unjust enrichment against all Plaintiffs, including SDP, arising out of his alleged entitlement to an ownership interest in each entity. (Am. Counterclaim ¶¶ 69-76.) Specifically, he alleges that all "Plaintiffs have taken and kept profits intended for Franck," (*id*. ¶ 70), and that "Plaintiffs knew of the value of Franck's efforts based on the agreed upon compensation structure

(*id*. ¶ 76). These two issues – whether SDP took profits intended for Franck and the value of Franck's purported efforts based on the agreed upon compensation structure – directly implicate information learned by Eckberg Lammers in connection with Vivian's prior representation of SDP. *See Nelson*, 823 F. Supp. at 1450 (granting motion for disqualification where prior representation involved advising on obligations under partnership agreement and issues in litigation included whether partner performed obligations under partnership agreement). Therefore, Eckberg Lammers' past representation poses a conflict of interest that precludes Eckberg Lammers attorney Sandstrom's current representation of Franck in connection with the counterclaims.

### III.  Eckberg Lammers Attorney Kevin Sandstrom Cannot Represent Franck Under the Rules of Imputed Disqualification

Eckberg Lammers' prior representation of SDP in substantially related matters precludes Eckberg Lammers attorney Sandstrom from representing Franck in this case. Rule 1.10 (SCR 20:1.10) provides that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by . . . SCR 20:1.9." *See also Nelson*, 823 F. Supp. at 1446 (noting that where, as here, a law firm "switches sides," the presumption of shared confidences is irrebuttable and disqualification is proper absent the consent of, or waiver by, the former client."). The two exceptions set forth in SCR 20:1.10 do not apply here, because the disqualified lawyers (Bannick and Vivian) remain associated with Eckberg Lammers. *See* SCR 20:1.10(a)(2)-(b) (providing exceptions where personally disqualified lawyer "performed no more than minor and isolated services in the disqualifying representation and did so only at a firm with which the lawyer is no longer associated" or has otherwise terminated his or her association with a firm). Moreover, there is no

ethical screen in place concerning this matter.[3] Indeed, Eckberg Lammers included all three attorneys – Sandstrom, Vivian, and Bannick – on the email transmitting SDP's client file to counsel for Plaintiffs, demonstrating that there is no separation and all Eckberg Lammers attorneys have uninhibited access to SDP's confidential and privileged information. Linderman Decl. Ex. J.

## CONCLUSION

For the foregoing reasons, Plaintiffs and Datwyler respectfully request that the Court grant their Motion to Disqualify and enter an order: (i) disqualifying Eckberg Lammers as counsel in this action; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: February 23, 2024

/s/ Roberta F. Howell
Roberta F. Howell
Andrew C. Gresik
Foley & Lardner LLP
150 East Gilman Street
Madison, WI 53703
Telephone: (608) 258-4273
Facsimile: (608) 258-4258
rhowell@foley.com
agresik@foley.com

Lauren W. Linderman
Matthew Kilby (admitted *pro hac vice*)
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

---

[3] Plaintiffs note that there appears to be some case law suggesting that Seventh Circuit precedent, not SCR 20:1.10, applies to imputed qualification. *See Silicon Graphics, Inc. v. ATI Technologies, Inc.*, 741 F. Supp. 2d 970, 979 (W.D. Wis. 2010) (holding Seventh Circuit standard is controlling and allows a law firm to rebut presumption of shared confidences through proof of timely employed screening). To the extent this is correct and there is a difference between the Seventh Circuit standard and state law, it is of no consequence here because Eckberg Lammers did not implement an ethical screen. *See* Linderman Decl. Ex. J (including all three Eckberg Lammers attorneys, including Sandstrom, on transmittal of SDP client file).

Telephone: (612) 766-7000
Facsimile: (612) 766-1600
lauren.linderman@faegredrinker.com

Katlyn M. Moseley (admitted *pro hac vice*)
1500 K Street, Suite 1100
Washington, DC 20005
Telephone: (202) 842-8800
Facsimile: (202) 842-8465
katlyn.moseley@faegredrinker.com

***Attorneys for Plaintiffs/Counterclaim Defendants and Third-Party Defendant***