UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Same Day Processing, Inc.;
44 North Lists LLC;
Right Donor Builders PDM LLC; and
The Free USA, LLC

Plaintiffs/Counterclaim Defendants

vs.

Gabriel Franck

Defendant/Counterclaim Plaintiff

vs.

Thomas Datwyler

Third Party Defendant.

**Civil No. 23-731**

**REPLY IN SUPPORT OF PLAINTIFFS/ COUNTERCLAIM DEFENDANTS AND THIRD-PARTY DEFENDANT'S MOTION TO DISQUALIFY**

Plaintiffs/Counterclaim Defendants Same Day Processing, Inc. ("SDP"), 44 North Lists LLC, Right Donor Builders PDM LLC, and The Free USA, LLC, together with Third-Party Defendant Thomas Datwyler ("Datwyler") (collectively, "Moving Parties"), respectfully submit this reply in support of their motion to disqualify Eckberg Lammers, P.C. ("Eckberg Lammers") and Kevin Sandstrom ("Sandstrom") as counsel for Defendant/Counterclaim Plaintiff Gabriel Franck ("Franck").

## INTRODUCTION

Franck's opposition to the motion to disqualify attempts to downplay the scope and nature of the legal work Eckberg Lammers previously performed for SDP, averring that such prior legal work is "wholly unrelated to the issues in this litigation" without meaningfully addressing those

issues. Franck's argument that the matters are "wholly unrelated" is contradicted by the opposition itself, which attacks the authenticity, credibility, and weight of the documents submitted with the Complaint using privileged information. This improper use of SDP's "confidential factual information" to "materially advance [Franck's] position" in this case is precisely the scenario Wisconsin Supreme Court Rule 20:1.9 was enacted to avoid. *Gnaciski v. United Health Care Ins. Co.*, 623 F. Supp. 3d 959, 965 (E.D. Wis. 2022). The claims asserted against Franck by Plaintiffs for misappropriation of trade secrets, and Franck's claims for conversion and unjust enrichment against SDP, are substantially related to the employment and corporate legal work performed by Eckberg Lammers. Sandstrom and his law firm should be disqualified from representing Franck.

## ARGUMENT

### I. The Motion to Disqualify is Made in Good Faith and Not for Tactical Advantage

Franck's Opposition falsely suggests that counsel "has a history of trying to deny Franck his legal representation of choice." Opp. at 19. Counsel for the Moving Parties never "attempted, but failed to disqualify Attorney Krenz [sic] from representing Franck," *id.*, and Franck's unwarranted speculation concerning the underlying motivation for the instant motion is flat wrong.

On December 8, 2023, counsel for Plaintiffs and Datwyler initiated a search for Mr. Krentz through the State Bar of Wisconsin's website in an effort to locate a phone number for Mr. Krentz to discuss the parties' stipulation to extend time to respond to the original Counterclaim and Third-Party Claim. Decl. of Lauren Linderman in Support of Reply ("Reply Decl.") ¶ 2. It was through that search that counsel became aware that Mr. Krentz's license to practice law in Wisconsin had been suspended. *Id.* Counsel promptly raised this issue with Mr. Krentz directly to clarify the issue and confirm it was appropriate to submit a stipulation signed by Mr. Krentz to the Court. *Id.*

at Ex. A. Mr. Krentz subsequently confirmed that he has a current bar license in Minnesota, resolving the issue. *Id.* at Ex. B.

Moving Parties' counsel never sought Court intervention and never sought to disqualify Mr. Krentz. Franck's suggestion that counsel's good faith attempt to comply with their ethical obligations reflects a pattern of seeking to deny Franck his counsel of choice is patently false and does not excuse Eckberg Lammers from complying with its obligations to former clients.

## II. Eckberg Lammers Attorneys Should Be Disqualified Because Eckberg Lammers Previously Advised SDP on Matters Substantially Related to this Litigation

### a. Eckberg Lammers Attorney Bannink Advised SDP in Employment Matters Substantially Related to Plaintiffs' Trade Secrets Claims

Frank's arguments regarding Eckberg Lammers' prior work on SDP's employment matters bolster the need for disqualification here.

*First*, relying on privileged communications between Eckberg Lammers Attorney Bannink and SDP, Franck claims there is some "question" about the "authenticity of Plaintiffs' employment documents,"—specifically, SDP's template Confidentiality Agreement and Employee Handbook. Opp. at 16. He also comments on the appropriateness of these documents being put to use at SDP in describing the documents prepared by Bannink as, *inter alia*, [REDACTED]

Opp. at 15-17. In other words, Franck has already used confidential factual information that Eckberg Lammers is privy to only by virtue of its prior representation of SDP to attack the very employment documents cited and relied on in Plaintiffs' Complaint—documents that are highly relevant to Plaintiffs' trade secret misappropriation claims against SDP's former employee

Franck.[1] *See Genzyme Corp. v. Bishop*, 463 F. Supp. 2d 946, 949 (W.D. Wis. 2006) (holding that measures taken to safeguard the secrecy of information is factor to be considered in determining if information constitutes a trade secret). To describe Attorney Bannink's work on these documents as amounting to only "routine general knowledge about SDP's policies and practices" is disingenuous and ignores the central role SDP's confidentiality policies and procedures will play in this trade secret case. Opp. at 15.

*Second,* Franck's motion argues that Attorney Bannink advised [2] Opp. at 16. To the extent discovery were to reveal that Franck could unfairly use and benefit from his improper knowledge of Bannink's alleged legal advice to SDP in defending against Plaintiffs' trade secret and other claims in this action. Put simply, the arguments made in Franck's opposition prove the Moving Parties' point: Eckberg Lammers' prior employment work for SDP is substantially related to the instant litigation because there "is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance [Franck's] position in the subsequent subject matter." *Gnaciski*, 623 F. Supp. 3d at 966.

---

[1] That SDP's "litigation counsel possesses" these documents, too, is of no moment. Opp. at 15. SDP's litigation counsel is permitted to have access to SDP's privileged communications and attorney work product; its adversary in this case is not. Nor is it relevant that SDP's employment documents themselves may be produced in this case. Opp. at 17. SDP's privileged communications with its counsel regarding those documents are, of course, appropriately withheld from production and will not be produced.

[2] Specifically, Franck argues that Bannick Opp. at 16. This mischaracterizes the nature of the advice provided, which is reflected in Exhibit G to Plaintiffs' Motion to File Documents *In Camera*.

*Third*, Franck's motion asserts without supporting explanation that any confidential information Bannink acquired "has been rendered moot by the passage of time." Opp. at 17. It is not the mere passage of time that matters, but whether the particular circumstances suggest that the information previously acquired has been rendered obsolete by the passage of time. *Cf. Watkins v. Trans Union LLC*, 869 F.3d 514 (7th Cir. 2017) (finding confidential information rendered obsolete by the passage of time based on ten years of developments in both technology and the law). The passage of five years does not render the confidential information gained by Bannink obsolete, as evidenced by Franck's own speculation about whether the documents Attorney Bannink prepared are the same as those used in connection with Franck's employment at SDP. *See* Opp. at 15-16 (questioning the "authenticity of the Plaintiffs' employment documents").

*Fourth*, Franck claims Attorney Bannink's prior employment work for SDP is not substantially related to this case because Franck was an independent contractor, not an employee. Opp. at 15; *but see id.* (acknowledging Franck "may have worked as an Account Associate for SDP"). This argument is factually unsupported and, in fact, contradicts the allegations in the Complaint. Am. Compl. (Dkt 5) ¶ 33. Regardless of how this disputed factual issue shakes out, however, the argument is irrelevant because Attorney Bannink also advised SDP on confidentiality obligations for independent contractors. *See* Ex. G (Dkt. 36-5).

*Finally*, Franck's argument that the matters are not substantially related because Attorney Bannink "never came into possession of trade secrets and proprietary information, let alone data that the Moving Parties are alleging Franck misappropriated" misses the point. Opp. at 16. Bannink provided legal advice to SDP concerning its employment practices with respect to employees and independent contractors and prepared documents for SDP that concerned the

confidentiality obligations of such employees and independent contractors. *See* Ex. G (Dkt. 36-5). These confidentiality measures are highly relevant to the instant litigation, and Franck is unfairly able to use SDP's privileged and confidential information gained by Eckberg Lammers to his advantage, as he has done in connection with the instant motion. Sandstrom and Eckberg Lammers should be disqualified.

**b. Eckberg Lammers Advised SDP in Corporate Matters Substantially Related to Franck's Counterclaims**

Franck argues "this is a legal dispute that does not involve ownership of SDP." Opp. at 12. That is incorrect. While it is true that Franck's Counterclaim does not allege any facts in support of any alleged ownership interest he has in SDP, he nevertheless names SDP as a Counterclaim Defendant on his Counterclaims for Theft & Conversion and Unjust Enrichment. Those Counterclaims, however, are premised entirely on Franck's allegation that he has an ownership interest in and right to profit from the Plaintiff entities, which include SDP. *See generally* Defendant's Amended Answer, Counterclaims, and Third-Party Claims (Dkt. 24); *id.* at 5 ("as for his Counterclaim against ***Plaintiffs Same Day Processing, Inc. . . .***" (emphasis added)); *id.* ¶¶ 69-78 (counterclaims asserted against "Plaintiffs," which includes SDP). Moving Parties' counsel has repeatedly invited Franck to amend his counterclaims to make clear that he is not, in fact, asserting any claims against SDP. *See* Ex. I to Decl. of Lauren Linderman in Support of Motion to Disqualify ("Linderman Decl.") (Dkt. 35-9). He has refused to do so. Thus, as things currently stand, Franck is asserting counterclaims against SDP that are substantially related to the corporate work Eckberg Lammers provided to SDP.[3]

[3] Franck states that the Counterclaims "explicitly den[y]" any claimed ownership interest in SDP, but the paragraph he cites does not support such a denial. Opp. at 13. Nor do the Counterclaims premise any claims against SDP on what appear to possibly be arguments of vicarious liability. *See id.* (claiming SDP is "referenced" in the Counterclaims only because "Franck does not possess

Franck characterizes Eckberg Lammers' corporate legal work for SDP, which it acknowledges continued into 2022, as "routine and minimal." Opp. at 11. Franck's attempt to dismiss the conflict by characterizing the prior work for SDP as "minimal" based on the total number of hours billed, *see* Opp. at 5, is misplaced. It is the nature of the legal work performed, not the number of hours, that is relevant. *Holmes v. Credit Protection Association L.P.*, No. 1:17-cv-3995, 2018 WL 5777324, at *4 (S.D. Ind. Nov. 2, 2018) (rejecting argument that number of hours billed was "insignificant"). Here, due to the nature of Eckberg Lammers Attorney Vivian's prior representation of SDP, Vivian and Eckberg Lammers were privy to confidential information concerning SDP's corporate practices, including the processes and procedures for issuing and/or transferring shares and valuing stock. *Gnaciski*, 623 F. Supp. 3d at 966 (noting "substantial risk" that confidential information was obtained in prior representation can be shown when a lawyer "would in ordinary practice" obtain such confidential information based on the nature of the services provided).

Franck contends that there is no substantial risk that any confidential information would materially advance Franck's position because Eckberg Lammers has acquired only general knowledge of SDP's policies and practices. Opp. at 11. Specifically, Frank appears to argue that because SDP is in possession of the corporate documents that Vivian helped prepare, and because SDP will have to produce these documents during discovery, Vivian has no information that will

---

an understanding of how Datwyler handled the finances of the business Mr. Franck alleges an ownership interest in"). In any event, if Franck amends his counterclaims to dismiss SDP, or if the Court dismisses SDP as a counterclaim defendant pursuant to the pending Motion to Dismiss (Dkt. 26), the Moving Parties acknowledge that the past corporate work does not provide a standalone basis to disqualify Eckberg Lammers. However, due to Attorney Bannick's representation of SDP in substantially related employment matters, Sandstrom and Eckberg Lammers must still be disqualified as counsel. *See supra* at pp. 3-6.

not eventually be disclosed in this litigation. Opp. at 13. Vivian, however, does not state in his declaration that the *only* information he obtained from SDP is information reflected in the corporate documents. Indeed, he acknowledges that he had several phone calls with SDP's then-majority shareholder, Jeff Larson, throughout the course of his representation of SDP. Decl. of Nicholas J. Vivian in Support of Mem. of Law in Opp'n to Plaintiffs/Counterclaim Defendants and Third-Party Defendant's Mot. to Disqualify ("Vivian Decl.") (Dkt. 44) ¶ 12. He does not disclose the content of these conversations; nor does he need to for the Court to determine the disqualification issue. *Gnaciski*, 623 F. Supp. 3d at 966 ( "[A] former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter"). Due to the nature of the services Vivian provided, the Court may conclude that he would have acquired SDP's confidential information. *Gnaciski*, 623 F. Supp. 3d at 966. Confidential information concerning SDP's corporate practices, specifically with respect to processes and procedures for issuing and/or transferring shares and valuing stock, are relevant to Franck's claims for conversion and unjust enrichment against the Plaintiff entities.

## III. Disqualification is Necessary to Safeguard the Privacy of the Attorney-Client Relationship

Disqualification of Eckberg Lammers and Attorney Sandstrom is both appropriate and necessary to safeguard the privacy of the attorney-client relationship. A lawyer's duty of confidentiality "is fundamental to the profession and the relationship between lawyer and client" and "courts have a duty to safeguard the privacy of the attorney-client relationship." *Gnaciski*, 623 F. Supp. 3d at 965 (quoting *Watkins v. Trans Union, LLC*, 869 F.3d 514, 519 (7th Cir. 2017)). Eckberg Lammers has flippantly disregarded the attorney-client relationship on multiple occasions, further supporting disqualification here.

*First*, after waiting almost a month to send the client file to the Moving Parties' attorneys, Eckberg Lammers transmitted the file via an unsecured link through an email chain that included both Sandstrom and Krentz, neither of whom should have been given access to these privileged documents. Linderman Decl., Ex. J (Dkt. 35-10) at pp. 3-4. Counsel for the Moving Parties had to bring this issue to Sandstrom's attention to confirm that Krentz had not accessed these documents and demand that his access to them be cut off.

*Second*, after Moving Parties sought consent to file certain documents *in camera*, making clear that access to privileged information should be restricted to the Moving Parties, its counsel, and Eckberg Lammers attorneys, Eckberg Lammers nevertheless disregarded the privilege and filed on the public docket an opposition brief and supporting affidavits that disclosed information and communications protected by the attorney-client privilege. Again, it was not until counsel for the Moving Parties alerted Eckberg Lammers to this issue that they took steps to remove the information from the public docket. And even then, in moving to re-file the documents *in camera*, Eckberg Lammers disregarded the privilege and improperly requested that both Franck and Krentz be given permission to access the documents. Reply Decl. ¶¶ 5-7. Moving Parties again promptly objected, notified Sandstrom that Franck and Krentz should not have access to privileged communications, and sought confirmation the privileged materials had not been disclosed to Franck or Krentz. *Id*. After several follow up emails, Sandstrom confirmed that the brief and supporting declarations had not been so disclosed. *Id*. As of the date of this filing, however, Sandstrom has not taken action to correct the scope of who may access the documents via the public docket. This repeated disregard for the sanctity of the privilege illustrates why disqualification is not only appropriate, but necessary.

### IV. Eckberg Lammers Attorney Kevin Sandstrom Cannot Represent Franck Under the Rules of Imputed Disqualification

Franck does not dispute that Sandstrom and Eckberg Lammers should be disqualified from representing Franck under the rule of imputed disqualification if the Court determines that Vivian and/or Bannink are barred from representing Franck. Opp. at 18. Instead, he argues only that Attorneys Vivian and Bannink are not barred from representing Franck for the reasons set forth in Franck's opposition. *Id*. For the reasons set forth above and in the Moving Parties' memorandum in support of the motion for disqualification, Attorneys Vivian's and Bannink's prior representation of SDP in substantially related matters precludes Sandstrom and Eckberg Lammers' current representation of Franck.

## CONCLUSION

For the foregoing reasons, Plaintiffs and Datwyler respectfully request that the Court grant their Motion to Disqualify and enter an order: (i) disqualifying Eckberg Lammers as counsel in this action; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: March 18, 2024

*/s/ Lauren W. Linderman*

Roberta F. Howell
Andrew C. Gresik
Foley & Lardner LLP
150 East Gilman Street
Madison, WI 53703
Telephone: (608) 258-4273
Facsimile: (608) 258-4258
rhowell@foley.com
agresik@foley.com

Lauren W. Linderman
Matthew Kilby (admitted *pro hac vice*)
Faegre Drinker Biddle & Reath LLP

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
lauren.linderman@faegredrinker.com

Katlyn M. Moseley (admitted *pro hac vice*)
1500 K Street, Suite 1100
Washington, DC 20005
Telephone: (202) 842-8800
Facsimile: (202) 842-8465
katlyn.moseley@faegredrinker.com

***Attorneys for Plaintiffs/Counterclaim Defendants and Third-Party Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system and served on the following:

Kristopher J. Krentz
P.O. Box 865
Osceola, WI 54020
Kris@Krentzlaw.com
952.905.3291

Kevin Sandstrom
Eckberg Lammers
1809 Northwestern Avenue
Stillwater, MN 55082
ksandstrom@eckberglammers.com

Dated: March 18, 2024 ___*/s/Lauren W. Linderman*______