UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Same Day Processing, Inc.;<br>44 North Lists LLC;<br>Right Donor Builders PDM LLC; and<br>The Free USA, LLC<br><br>        Plaintiffs/Counterclaim Defendants<br><br>vs.<br><br>Gabriel Franck<br><br>        Defendant/Counterclaim Plaintiff<br><br>vs.<br><br>Thomas Datwyler<br><br>        Third Party Defendant. | Civil No. 23-731<br><br>**DECLARATION OF LAUREN LINDERMAN IN SUPPORT OF PLAINTIFFS/COUNTERCLAIM DEFENDANTS AND THIRD-PARTY DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY AND STAY DISCOVERY** |

I, Lauren W. Linderman, declare as follows:

1. I am a partner at Faegre Drinker Biddle & Reath LLP and represent Plaintiffs/Counterclaim Defendants and Third-Party Defendant in the above-captioned action. I have personal knowledge of the matters set forth in this declaration and if called as a witness, I could and would testify competently to them under oath.

2. On December 8, 2023, counsel for Plaintiffs initiated a search for Mr. Kretnz through the State Bar of Wisconsin's website in an effort to locate a phone number for Mr. Krentz to discuss the parties' stipulation to extend time to respond to the original Counterclaim and Third-Party Claim. It was through the results of that search that I became aware that Mr. Krentz's license to practice law in Wisconsin had been suspended.

3. Attached hereto as Exhibit A is a true and correct copy of email correspondence between myself and Defendant's counsel Kristopher Krentz dated December 8, 2023.

4. Attached hereto as Exhibit B is a true and correct copy of email correspondence between myself and Defendant's counsel Kristopher Krentz dated December 8, 2023 and December 9, 2023.

5. On March 11, 2024, counsel for Plaintiffs/Datwyler contacted Kevin Sandstrom ("Sandstrom") via email to notify Sandstrom that Defendant's Opposition to the Motion to Disqualify and the supporting attorney declarations improperly disclosed information protected by the attorney-client privilege on the public docket. Counsel demanded that the filing be withdrawn and re-filed *in camera*, and Sandstrom confirmed that he would review counsel's concerns. Two days later, in response to a follow up email from Plaintiffs/Datwyler's counsel, Sandstrom confirmed that the filings were no longer publicly accessible.

6. On March 13, 2024, Sandstrom filed an "Unopposed Motion for Leave to Submit Documents for In Camera Review" requesting that both Defendant and Kristopher Krentz ("Krentz"), among others, be given permission to access the documents. Plaintiffs/Datwyler did not consent to the disclosure of attorney-client privileged information to Defendant or Krentz, and counsel for Plaintiffs/Datwyler promptly notified Sandstrom that Defendant and Krentz should not have access to privileged communications and sought confirmation that the privileged materials had not been disclosed to Defendant or Krentz.

7. After several follow up emails, Sandstrom confirmed that the brief and supporting declarations had not been disclosed to Defendant or Krentz. As of the date of this declaration, Sandstrom has not taken action to correct the scope of who may access the documents via the public docket.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 18, 2024                                             _____/s/ Lauren L. Linderman__
                                                                                 Lauren L. Linderman