# Exhibit B

# Moseley, Katlyn M.

| | |
|---|---|
| **From:** | Linderman, Lauren W. |
| **Sent:** | Saturday, December 9, 2023 8:33 AM |
| **To:** | Kristopher Krentz |
| **Cc:** | Howell, Bobbi |
| **Subject:** | RE: SDP v. Franck - WI State Bar licensure status |

Kris:

Thanks for confirming you have a current bar license in Minnesota. This gets us what we need and we will file the stipulation.

Best,
Lauren

**From:** Kristopher Krentz <kris@krentzlaw.com>
**Sent:** Friday, December 8, 2023 4:09 PM
**To:** Linderman, Lauren W. <lauren.linderman@faegredrinker.com>
**Cc:** Howell, Bobbi <RHowell@foley.com>
**Subject:** Re: SDP v. Franck - WI State Bar licensure status

**This Message originated outside your organization.**

Lauren,

I confirmed that the Western District of Wisconsin is a "reciprocity admission" district meaning it does not require me be licensed in the State of Wisconsin to practice in that district. My license is current in Minnesota and, per the district's website, I am authorized to practice in the Western District of Wisconsin.

I would appreciate your immediate acknowledgment of the resolution of your concern.

Thank you,

Kris

> On Dec 8, 2023, at 3:49 PM, Kristopher Krentz <kris@krentzlaw.com> wrote:
>
> This is a Federal Case in the Western District of Wisconsin. Per their website: "[a]ny lawyer licensed to practice before the highest court of any state or the District of Columbia is eligible to practice in the Western District of Wisconsin". I am admitted to practice in the Western District of Wisconsin.
>
> I have not seen any rule requiring the need to be admitted to the State in which the Federal court is located. Please correct me if that is incorrect.
>
> Thank you,

1

Kris

> On Dec 8, 2023, at 3:22 PM, Linderman, Lauren W. <lauren.linderman@faegredrinker.com> wrote:
>
> Kris:
>
> Following up on my voicemail, I'm hoping to touch base with you regarding the status of your license to practice law in the State of Wisconsin. We discovered today that, according to the Wisconsin State Bar website, it appears that your license is currently suspended:
>
> <image001.png>
>
> Given the status of your license, we do not think it is appropriate to sign your name as counsel for Mr. Franck on the parties' agreed stipulation to extend the deadline to respond to the Counterclaims/Third-Party Claims as we had intended to do today. Can you please let us know your thoughts on this, including whether the information on the Wisconsin State Bar website is current and accurate and if you plan to notify the Court regarding your licensure status?
>
> In light of the current December 11 deadline for us to respond to the Counterclaims/Third-Party Claims, we'd appreciate hearing from you today, if possible, or by no later than Monday morning. As it stands, we believe we have an obligation to report your licensure status to the Court and that we cannot submit a stipulation signed by you as counsel. Instead, pending what we hear from you, we intend to file an unopposed motion for an extension on Monday that will contain an explanation of why we are submitting an unopposed motion rather than a stipulation in light of your licensure status.
>
> Thank you,
>
> **Lauren W. Linderman**
> Partner
> Pronouns: she/her/hers
> lauren.linderman@faegredrinker.com
> Connect: vCard
>
> +1 612 766 7251 direct
>
> **Faegre Drinker Biddle & Reath** LLP
> 2200 Wells Fargo Center, 90 South Seventh Street
> Minneapolis, Minnesota 55402, USA
>
> This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileg information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please the sender by reply email and destroy all copies of the original message and any attachments.